**B. & C. FISHING CO., Inc., Defendant, Appellant,**

v.

**Samuel E. AMIRAULT et al., Plaintiffs, Appellees.**

**BOAT M. C. BALLARD, INC., Respondent, Appellant,**

v.

**Samuel E. AMIRAULT et al., Libellants, Appellees.**

**Nos. 5799, 5800.**

United States Court of Appeals
First Circuit.

Aug. 2, 1961.

James A. Whipple, Boston, Mass., with whom Kneeland & Splane, Boston, Mass., was on the brief, for appellants.

Morris D. Katz, Boston, Mass., for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

On June 29, 1955, the F/V Ballard struck the F/V Elizabeth B. amidships, injuring many of the latter's crew. Nine members brought a libel in personam against the owner of the Ballard for personal injuries, and eight of the nine sued the owner of their own vessel at law under the Jones Act, 46 U.S.C.A. § 688, with an additional count for maintenance and cure. Initially (and possibly always) over the objection of the libellee Ballard and the defendant Elizabeth, the court referred both actions to a commissioner to take evidence and report on liability as well as damages. The propriety of this reference is not now attacked, but lest our silence be misunderstood we will observe that we fail to see in the record any exceptional circumstances which might have justified such a reference over objection. Cf. LaBuy v. Howes Leather

Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290.

Both the libellee and the defendant were represented by the one counsel who presently represents each of them on these appeals. The commissioner found against both on the issue of liability and made itemized damage findings for each of the libellant-plaintiffs. These findings were divided into separate dollar figures as to each individual for "Loss of earnings and pain and suffering," and for "Maintenance and cure." Thereafter, in the admiralty case, the court entered final decree for each libellant in the amount determined by the commissioner under the first heading. In the law action it made an express determination that there was no just reason for delay and entered judgment for each plaintiff in the amount found by the commissioner under the second heading. The Jones Act counts against the Elizabeth were not further pursued. Both libellee and defendant appeal.

We are somewhat at a loss to understand the nature of these appeals. In their consolidated brief appellants state that the single question is whether under the circumstances we have recited, "the court may enter a final decree in the admiralty case and a judgment in the civil action before a jury has found the damages in the civil action." Spelling this out further, they say that where the two actions were "not consolidated but only ordered to be heard jointly, the decision should not be inconsistent and the defendant appellant and the respondent appellant are entitled to have the issue of damages decided by the jury." We note, also, that in the admiralty suit the libellee phrased its objections below, "in said civil action the libellee is entitled to a jury trial * * * [and] the jury in said civil action is entitled to make its own finding of damages which may vary from the finding of damages of the commissioner."

■ Insofar as this may all be taken to mean that libellee was entitled to a jury trial of the libel, discussion would be superfluous. Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368. Appellants' cases, where a single plaintiff has a claim against the same defendant both in admiralty and at law and the court has held that defendant cannot insist upon trying the admiralty suit so as to deprive plaintiff of a jury trial, (e. g., McAfoos & Neff v. Canadian Pacific S. S. Ltd., 2 Cir., 1957, 243 F.2d 270), are not remotely in point. They in no way suggest that a respondent in admiralty can have a jury trial because some other defendant has been sued at law.

■ Appellants' principal theory seems to be that the fact that they may ultimately be entitled to contribution between themselves with respect to the loss gave the admiralty respondent a right to a jury trial, or should, in some way, have affected their joint rights vis-a-vis the plaintiffs in the handling of the two cases by the district court. We see nothing in this. Although in some respects the appellants may have been joint tort feasors it is clear that they were severally liable. Whatever several defendants may do among themselves, it cannot lie in their hands to control a plaintiff in his selection between them. We know of no reason why an injured party should not recover part of his damages from one defendant, and the rest from another. There were no overlapping items of damage in the separate awards made here to each plaintiff-libellant. If the plaintiffs were satisfied with their awards for pain and suffering and loss of earnings being made solely against Ballard, the latter cannot compel them to try their Jones Act action, to a jury or otherwise, and collect, instead, from their employer. Tort feasors have no such privilege. No other question is before us.

In view of this disposition we will not rule upon the propriety of a single counsel representing both the law defendant and the admiralty respondent. We assume that this was done here with the full understanding and consent of both, or that because of insurance or otherwise there was no conflict of interest, and that no breach of ethics was involved. But

these appeals seem to be founded upon the existence, present or future, of a conflict between the parties. We have some hesitancy whether we should recognize as a "controversy" an issue where the allegedly contending parties are not separately represented.

Affirmed.